**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cathy J. Swicegood, Appellant,

v.

Polly A. Thompson, Respondent.

State Ex Rel Alan Wilson, Attorney General, Intervenor.

Appellate Case No. 2014-001109

———————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2016-UP-013
Heard December 9, 2015 – Filed January 13, 2016

———————

**REMANDED**

———————

John G. Reckenbeil, of Law Office of John G. Reckenbeil, LLC, of Spartanburg, for Appellant.

Margaret A. Chamberlain, of Chamberlain Law Firm, LLC, and Melissa Hope Moore, of Law Office of Melissa H. Moore, both of Greenville, for Respondent.

Attorney General Alan McCrory Wilson, Solicitor General Robert D. Cook, Deputy Solicitor General J.

Emory Smith, Jr., and Assistant Attorney General Ian
Parks Weschler, all of Columbia, for Intervenor.

**PER CURIAM:**  Cathy J. Swicegood appeals the family court's order granting Polly A. Thompson's motion to dismiss Swicegood's complaint for an order of separate support and maintenance.  On appeal, Swicegood argues (1) the family court erred in granting Thompson's motion to dismiss before the parties had an opportunity to fully develop the factual record, (2) the family court erred in determining it lacked subject matter jurisdiction pursuant to sections 20-1-10 and -15 of the South Carolina Code (2014), and (3) sections 20-1-10 and -15 and/or S.C. Const. art. XVII, § 15 violate due process and equal protection rights of the citizens of South Carolina.

On May 5, 2014, the family court issued an order granting Thompson's motion to dismiss, finding the family court lacked subject matter jurisdiction pursuant to section 20-1-15, which provides, "A marriage between persons of the same sex is void ab initio and against the public policy of this State."[1]  Specifically, the family court found its "jurisdiction to hear and determine [marital litigation] is premised on the existence of a marriage," and because of South Carolina's same-sex marriage ban, a marriage between Swicegood and Thompson "is not legally possible."  The family court therefore concluded it was "without jurisdictional authority to adjudicate the issues."  The family court did not rule on any constitutional issues and Swicegood did not file a motion to reconsider.[2]

In July 2015, while the instant appeal was pending, the Supreme Court of the United States held "that same-sex couples may exercise the right to marry." *Obergefell v. Hodges*, 135 S. Ct. 2584, 2599 (2015).  Specifically, the Court concluded:

> [T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and

---

[1] The family court issued an amended order on May 7, 2014, correcting the spelling of Swicegood's name in the caption.  The amended order did not otherwise alter the May 5, 2014 order.

[2] Thompson filed a motion to reconsider, which the family court denied.

Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. . . . [T]he State laws challenged by Petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

*Id.* at 2604-05.

Neither the family court nor the parties to this appeal had the benefit of *Obergefell* during the hearing on Thompson's motion to dismiss. Accordingly, we remand this case to the family court to consider the implications of *Obergefell* on its subject matter jurisdiction.

**REMANDED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**